The Insurance Company of North America

*v.*

Thomas M. Hope.

1. INSURANCE—*loss—repairs by the company.* Where a policy of insurance contains a provision that the company may, in case of loss, restore or repair the property, at their election, the company, to do so, must elect within the time specified in the policy, or the repairs will be unauthorized.

2. SAME—*election to repair—when made.* Where by the terms of the policy the company have the right to make such election within thirty days after notice of the loss: *Held,* that the election must be made, and notice thereof given to the assured within thirty days after the proofs of loss are left with the local agent, and if he fail to forward them to the home office, the assured is not affected by the negligence of the local agent.

3. SAME—*proof of loss—sufficiency not objected to.* When the assured prepares, and hands to the local agent, the proofs of loss, within the proper time, and when received the agent makes a general objection to their sufficiency, but points out or specifies no particular objections: *Held,* that the company can not afterwards raise and insist on specific objections, but the proofs will be held sufficient.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action of assumpsit, brought by Thomas M. Hope, in the Alton City Court, against the Insurance Company of North America, on a policy of insurance, to recover for loss by fire. The general issue was filed, and another plea setting up an election to repair the building, and that notice was given to the assured, and the repairs made. The case was tried by the court and a jury, and a verdict for plaintiff in the sum of $389.75. After overruling a motion for a new

trial, the court rendered judgment on the verdict, and the company brings the case to this court on appeal.

Mr. WILLIAM S. FIELD, for the appellant.

Mr. CHARLES P. WISE and Mr. ALEX. W. HOPE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action commenced by the appellee against the appellant, on a policy of insurance. The property was destroyed by fire, and the company failing to pay the loss, this suit was instituted to recover the damages which, it is alleged, the appellee sustained.

The defense relied on is, that the company elected to, and did, repair the property insured after the injury occasioned by the fire. The policy contained a clause, that it should be optional with the company to repair, rebuild or replace the property, loss or damage with other like kind, within a reasonable time, by giving notice of its intention so to do, within thirty days after the receipt of proof of loss.

It is in proof that the company did elect to repair the property insured, and did do work upon it, for which it paid the carpenter who did the work the sum of $150. There is great conflict in the evidence as to the fact, whether the building, after the work was completed by the company, was in as good condition as before the fire. The building was an old one, and the weight of evidence seems to be, that it was so nearly destroyed by the fire, that the work and materials used in making the repairs were a useless expenditure.

The appellee insists that the company did not make its election to repair the property within the thirty days, the period fixed by the provisions of the policy, in which the company had the right to make such election.

The repairs that were made by the company, were not made with the express, or even the implied consent, of the assured.

It is in evidence that he protested, when he was first notified that the company intended to repair the property, against any work being expended thereon, and placed his objections on two grounds: First, that the building was so badly injured that it could not be repaired to any advantage, and second, that the company did not make its election within thirty days.

It is therefore a material inquiry, whether the company did make its election, to repair the property, within thirty days after the receipt of proof of loss, and so notified the assured.

The right of the company to replace or repair the property insured, in case of loss, is created by the provisions of the policy, and if the company does not make its election in apt time, and give the assured notice, the right to so build or repair does not exist. And in the event that the company does such work outside of the terms of the policy, without the consent of the assured, it will be in its own wrong, and no deduction can be made from the amount of the loss on account of such work. If the election to replace or repair the property is not made within the period fixed by the express terms of the policy, and notice given, the right of action becomes complete in the assured, and no subsequent election on the part of the company, not assented to by the assured, will divest that right of action.

The proofs of loss in this instance, were furnished to the local agent on the 6th day of May, and the evidence establishes the fact, that the notice to repair the property was not given until about the middle of June, a period of more than thirty days having elapsed.

It is insisted that it is not a sufficient compliance with the terms of the policy, to deliver the proofs of loss to the local agent, and that the time in this instance would not begin to run until such proofs were delivered to the general agent of the company at Chicago. We find no such condition in the policy. In the absence of any provision to the contrary, the delivery of proofs of loss to the local agent, will be taken and considered as a delivery to the company, for all the purposes of

the policy, and if the local agent fails to forward the same to the home office, or to the office of the general agent, as required by the usage of its business, the negligence can not be charged to the assured. *Herron* v. *The Peoria Marine and Fire Insurance Co.* 28 Ill. 235.

The objection, that the proofs of loss when presented on the 6th day of May, were not in conformity to the conditions of the policy, does not aid the cause of the appellant. Only a general objection was made by the agent when the proofs were presented, and no specific defect was suggested or pointed out. The rule is, that if the proofs of loss are insufficient when presented, it is the duty of the company, or agent, to give notice to the assured of the specific defect, and if the company or agent fail to point out wherein the proofs are defective, such proof, notwithstanding a general objection, will be deemed sufficient. *The Great Western Insurance Co.* v. *Staaden,* 26 Ill. 365.

The proofs of loss were not in fact forwarded to the office of the general agent at Chicago until the 25th day of May, but that was the fault of the local agent, and not of the assured, and the company can derive no benefit from the negligence of its own agent. The assured ought not to be prejudiced or delayed in the collection of his loss by reason of any negligence of the local agent to discharge his full duty to the company.

We are of opinion that the notice of election on the part of the company to repair the property on which the loss occurred, was not given in apt time.

It does not appear that the assured ever consented that the company might make the repairs, and without such consent, if the election to repair was not made in the proper time, the company had no right to do the work. The expenditure of work and materials in making the repairs, was the voluntary and unauthorized act of the company, and no deduction can be made from the amount of loss occasioned by the fire, on account of such work.

The instructions given at the request of the appellee, are not so variant from the views here expressed, as to mislead the jury. The instructions refused for appellant, do not state the law correctly, and were therefore properly refused by the court.

It is insisted that the verdict is against the weight of evidence. There is certainly a very great conflict in the evidence as to the value of the property covered by the policy. Some of the witnesses place its value much higher than the amount of the verdict, and others much lower. It was the province of the jury to weigh the evidence and arrive at a just conclusion. After a careful consideration of the whole evidence, we can not say that the verdict is so clearly wrong that it ought to be disturbed by the appellate court. In all such cases, where the evidence is conflicting, on questions of mere value of property, about which men differ so widely in their judgments, we must rely on the verdict of the jury, as presenting the true and just conclusion to be drawn from the evidence.

Perceiving no substantial error in the record, the judgment must be affirmed.

*Judgment affirmed.*