# THE ANDES INSURANCE COMPANY

*v.*

# HENRY FISH.

1. INSURANCE—*of the application.* When an application for insurance is prepared, signed and presented by the owner, the company has the right to rely upon its correctness, and if incorrect in any material part it avoids the policy.

2. It is competent to show, by parol, that an application for a policy of insurance, signed by the assured, was filled out by the agent of the company, with full knowledge of all the facts, for in such case it would be the act of the company as well as of the assured, and its representations are then as conclusive upon the company as upon the assured. All charge of fraud and deception on the part of the assured might then be refuted.

3. SAME—*as to title of assured.* When an applicant for insurance fully discloses to the company or its agents the necessary facts as to the title to the property, or the company is otherwise cognizant of the facts, and they dispense with any act on the part of the assured, they are estopped

from denying the description adopted in the policy. If, from all the facts in the case, they erroneously determine that the assured has one kind of interest in the premises, when he has another, they can not be heard to say that they were mistaken, and by that means escape liability.

4. SAME—*fraud or false swearing.* Where a policy of insurance contained a clause, that " if there appears any fraud or false swearing, the assured shall forfeit all claim under the policy," and on the trial of a suit brought upon the policy, the assured, in his deposition, stated that he owned the property at the time it was insured, under a certain deed, a copy of which he attached to his deposition and made a part of it, and it appeared by the deed that he only had a life estate, it was *held*, that this was not such false swearing as to preclude a recovery upon the policy.

5. SAME—*assured entitled to recover to the extent of damage to property, without regard to the extent of his title.* In the absence of fraud or mistake, and when not otherwise limited by the policy, the assured is entitled to recover, where he has an insurable interest at the time the policy is obtained and also at the time of the loss, whether that interest is a title in fee simple, for life, or only merely equitable, the whole amount of damage done not exceeding the amount for which it was insured.

6. SAME—*limitation as to time of bringing suit—pleading.* A limitation of twelve months within which to bring a suit upon a policy of insurance is a reasonable one, but where the assured forbears bringing the suit at the instance of the company, and whilst negotiations for a settlement are in progress, it will afford a sufficient excuse for not bringing the suit pending the negotiations.

7. And in a suit brought after the expiration of the twelve months, it is not necessary for the plaintiff to allege any excuse for not bringing it within the time, but the same rule of pleading applies as to other limitations of actions. If it is insisted upon, it must be set up by the defense, and the plaintiff may then reply the facts relied upon as his excuse for not bringing his suit within the time limited.

8. ERROR *will not always reverse.* The giving of an instruction which is clearly erroneous, can not be allowed as cause for a reversal, where it appears that it worked no injury to the party complaining.

APPEAL from the Circuit Court of Madison county.

Mr. CHARLES P. WISE, for the appellant.

Mr. J. H. YAGER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

By the policy in evidence, appellant insured Ann Murphy against loss or damage by fire or lightning on her certain two-storied brick building, in Jerseyville, to the amount of $2500—the loss, if any, to be paid to appellee, as his interest might appear by virtue of a deed of trust which he held upon the property.

The policy contains this condition: "If the interest or property be leasehold, or that of mortgage, or any other interest not in fee simple, * * such must be made known to this company, and expressed in this policy."

The written application for the policy is signed, "Ann Murphy, by John C. Murphy, her husband," and the 18th question therein and answer thereto are as follows:

"Question: State the nature of your title, whether fee simple, leasehold, or by bond or agreement? If others are interested, give name, interest and value."

"Answer: Fee simple; Henry Fish, of Alton, Illinois, holds a deed of trust for $2500."

Ann Murphy's title, in fact, was derived by deed conveying the property to her for life, with remainder over, after her death, to the heirs of her body by John C. Murphy.

It is argued, that this was such a misrepresentation of the title as avoided the policy.

It was said, in *The Atlantic Insurance Co.* v. *Wright*, 22 Ill. 473, where the condition in the policy was, in substance, the same as the one before us, "When the application is prepared, signed and presented by the owner, the company have the right to rely upon its correctness, and if incorrect in any material part, it avoids the policy. But when the assured fully discloses to the company or its agent the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they are estopped from denying the description adopted in the policy. If, from all the facts of

the case, they erroneously determine that the insured has one kind of interest in the premises, when he has another, they can not be heard to say that they were mistaken, and by that means to escape the liability they have incurred."

The correctness of this rule has not hitherto been questioned, nor do we now think it is liable to any objection. *H. and M. Insurance Co.* v. *Cornick et al.* 24 Ill. 461 ; *F. and M. Insurance Co.* v. *Chesnut et al.* 50 Ill. 116.

The admission of parol evidence, therefore, did not, as seems to be supposed by the counsel for appellant, violate the rule excluding parol evidence when offered for the purpose of contradicting or modifying the language of a written instrument. It was competent to show by parol that the application was filled out by the agent of appellant, with full knowledge of all the facts, for, although afterwards signed by the assured, it was then the act of the company as well as of the assured, and its representations became as conclusive upon it as they did upon her. All charge of fraud and deception on the part of the assured might thus be completely and properly refuted.

Appellee's evidence is, that the application in the present case was filled out by Lock, the agent of appellant. and that he was, at the time, fully and correctly informed as to the title.

Evidence on behalf of appellant is contradictory, and to the effect, that the agent would not have issued the policy if he had known that the assured had but a life estate in the property. A question of fact was thus raised, peculiarly within the province of the jury to settle, and although their finding may be different from what ours would have been, had the question been submitted to us originally, we can not say that it is so clearly and palpably contrary to the evidence as to justify us in setting the verdict aside for that cause alone.

Another condition of the policy is : " If there appears any fraud or false swearing. the insured shall forfeit all claim under this policy."

In the deposition of Ann Murphy, which was read in evidence on the trial, it appears that she testified she owned the property at the time it was insured.   Her answer to the interrogatory propounded to her on this subject, as found in the record, is in these words:   " I was the owner at the time it was insured, the title thereto being by deed from Patrick Demphy to me ; a certified copy of said deed I herewith file with this answer, marked ' A,' and made part hereof."

As has been before noticed, her title was a life estate. This, it is insisted, was such perjury as avoided the policy.

We are unable to discover either perjury or anything that savors of it, in this answer.   The copy of the deed annexed shows the title correctly, and her answer can mean nothing more, by any fair and reasonable rule of construction, than that she owned the title to the property given her by that deed.   She does not undertake to define the character of her title with technical precision, and probably could not have done so had she attempted.   She says she owned it, and shows by what title.   There was no attempt at evasion or concealment, nor was anything withheld or stated untruly in regard to her title, for she was, in the general and common acceptation of the term, the owner of the property.   At all events, her title was sufficient to sustain a general claim of ownership. *Allen* v. *Mutual Fire Insurance Co.* 5 Gray, 384.

It was shown, on the trial, that the injury to the property was $1500, and the judgment is for this amount, with accruing interest added.

It is argued that, inasmuch as the assured had only a life estate in the property, the recovery should have been limited to the injury to that interest, instead of including the entire injury to the property.

We have already said, that if the application for the policy was filled out by appellant's agent, with full knowledge of all the facts affecting the title to the property, it was the act of the company, and they can not be heard to say they

were mistaken as to the character of the title; and that we did not feel justified in supervising the finding of the jury upon this point. It must necessarily follow, that the title shall, for all the purposes of the case, be taken to be that represented by the application for the policy, and the policy binds appellant, not to pay the assured the damage which shall occur to *her interest* in the property, but to " make good unto the assured, her executors, administrators or assigns, all such immediate loss or damage, not exceeding in amount the sum insured, as shall happen by fire or lightning *to the property.*"

It seems, moreover, to be settled by authority, that in the absence of fraud or mistake, and where not otherwise limited by the policy, the assured is entitled to recover, where he has an insurable interest, at the time the policy is obtained, and also at the time of the loss, whether that interest is a title in fee, for life, or only merely equitable, the whole amount of damage done to the property, not exceeding the amount for which it is insured. *Ætna Insurance Co.* v. *Tyler*, 16 Wendell, 392; *Strong* v. *Mutual Fire Insurance Co.* 10 Pickering, 40; *Miltenberger* v. *Beacom*, 9 Barr, 198; *Mutual Insurance Co.* v. *Deale*, 18 Maryland, 26; *Franklin Insurance Co.* v. *Drake*, 2 B. Monroe, 50.

It is again insisted, that this suit must fail because it was not brought, as is provided by the policy, within twelve months next after the damage to the property occurred.

Appellee swears that he forbore bringing suit, at the instance of appellant's agent, for some two or three months, whilst he was endeavoring to have his claim amicably adjusted. This is not contradicted by any witness for appellant, and it furnished a sufficient excuse for not bringing suit pending the attempted negotiations. *P. M. & F. Insurance Co.* v. *Whitehill*, 25 Ill. 466; *F. & M. Fire Insurance Co.* v. *Chesnut et al.* 50 Ill. 116.

It is true, in the first of these cases, it was said, that there should be a proper averment of the facts relied on to excuse

the delay in bringing the suit, in the declaration, which was not done here ; but that remark was unnecessary to the decision of the question then before the court, and can not be held as committing us to the doctrine that it is indispensable that such facts be averred in the declaration. This provision in the policy, requiring suit to be brought for loss within twelve months after the loss occurs, is, in that opinion, previously discussed, and upheld upon the principle that it is a reasonable limitation upon the bringing of such suits. Adhering to that reasoning, as we still do, it logically follows, that the same rules of pleading should be allowable in respect to it as to other limitations of actions, and that the limitation, if insisted upon, should be set up by the defense, when the plaintiff may reply the facts relied upon as excusing what would otherwise have been *laches* in bringing the suit.

The only remaining objection to be noticed is, the court instructed the jury that if the plaintiff was entitled to recover, they might allow him six per cent interest on the amount, after sixty days from the fire, while the company is, by the policy, allowed sixty days after proof of loss in which to pay the claim. This was clearly error ; but it worked appellant no injury, and can not be allowed as cause for reversal. There is no controversy as to the amount of the loss or the time when it occurred. It is agreed, the amount was $1500, and the time the 10th of August, 1871. Nor is it pretended that the proof of loss was made later than one month after the loss occurred. Then, add to this two months in which to make payment, and interest would thus commence to run from the 10th of November, 1871. The verdict was rendered one year and a half afterwards—May 14th, 1873. The interest on the loss, at six per cent, during that time, would amount to $135, which, added to the principal loss, makes $1635, for which the verdict should have been rendered, if the jury had been correctly instructed in respect to interest; but the judgment, as rendered, is only $1620.

The judgment is affirmed.

*Judgment affirmed.*