## GARRETSON v. THE HAWKEYE INS. CO.

1. **Insurance:** LIMITATION OF ACTION ON POLICY: WAIVER OF: FACTS NOT CONSTITUTING. Where a policy of fire insurance provided that no action should be maintained thereon if begun more than six months after the loss, and the company's adjuster agreed with the assured what the amount of the loss was, and the company proposed to pay that amount on certain conditions, which failed, and the company then, five months before the six months had expired in which the assured could bring this action, notified the assured that it would not pay, *held* that the company did not, by these acts, waive its right to insist that the action should be begun within the six months named in the policy.

*Appeal from Woodbury Circuit Court.*

SATURDAY, DECEMBER 13.

ACTION on a policy of insurance against loss or damage by fire. The court directed the jury to find for the defendant, which they did, and plaintiff appeals.

*Taylor & Healy* and *J. H. & C. M. Swan,* for appellant.

*R. W. Barger,* for appellee.

SEEVERS, J.—The policy was issued to one Edmunds, who, after the loss, assigned it to the plaintiff. The loss occurred on October 19, 1881, and proofs of the loss were furnished the defendant on November 21, 1881. This action was commenced on the seventh day of August, 1882. The defendant pleaded that the action was barred, because it had not been brought within the time fixed in the policy. The plaintiff replied that the defendant had waived such defense, and was estopped from setting the same up.

I. The provision of the policy on which the defendant relies is as follows: " And provided, further, and it is hereby expressly covenanted and agreed by the parties hereto, that no suit or action against this company, for the recovery of any claim under and by virtue of this policy, shall be sus-

tained in any court of law or chancery, unless such suit or action shall be commenced within six months after the loss shall occur; and in case any such suit or action shall be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and admitted as conclusive evidence against the validity of such claim, any statute of limitation to the contrary nothwithstanding." In *Ellis v. Council Bluffs Ins. Co.*, 64 Iowa, 507, it was held, under a similar provision in a policy of insurance, that a right of action on the policy did not accrue until the expiration of sixty days after the proofs of loss had been furnished, and that the period of limitation fixed by the parties did not begin to run until that time. We assume, because it is not claimed otherwise, that the period of limitation thus fixed is binding upon the parties.

It is obvious, from the foregoing statement of facts, that this action is barred, unless such defense was waived, or the defendant is estopped from setting it up. The claimed waiver and estoppel are based upon the same facts. They are as follows: About the fifteenth of November, 1881, the defendant's adjusting agent made an examination in relation to the loss, and in substance recommended to the defendant that it should pay an amount agreed upon by him and the plaintiff. A few days after receiving the report of its adjuster, the defendant wrote to the assured as follows:

"NOVEMBER 23, 1881.

"D. F. EDMUNDS, ESQ., OTO, IOWA—*Dear Sir*: We are in receipt of your proofs of loss. Inclosed we send you blank form of receipt to be signed by you, and by any and all parties to whom you may have assigned an interest in your insurance. When properly signed, forward receipts and your policy to any bank of this city. * * * Upon receipt of the above in due form, and the absence of any additional evidence, we will pay as per above receipt."

The receipt was duly signed and forwarded as directed by the defendant, but the policy was not returned. About the

fifteenth day of December, 1881, the defendant claimed to have made the discovery that the fire was not accidental, and then wrote the plaintiff and his attorneys that it would not pay as it had previously proposed to do.  It is insisted, as we understand, that a simple adjustment of the amount of the loss amounts to an implied promise to pay, and constitutes a waiver of the conditions of the policy.  It is obvious, it seems to us, that this cannot be so, because the defendant agreed to pay sixty days after it was furnished with proofs of loss, and when the loss was adjusted—that is, the amount agreed upon.  The most that can be said is that the defendant thereby impliedly agreed to pay such amount subject to the conditions of the policy.  The defendant waived nothing by agreeing upon the amount of the loss, nor was it thereby estopped from insisting that all the conditions agreed upon, on which its liability to pay depended, should be complied with.  That is to say, it did not waive the condition of the policy that an action, if necessary to enforce payment thereon, should be brought within the time fixed by the policy.

II.  It is further insisted that the defendant agreed to pay a specified sum when certain receipts were signed; but the promise was not absolute, but conditional.  One of the conditions was that the policy was to be returned.  As this was not done, the defendant was not bound to pay.  Another was that the defendant reserved the right to decline to pay if additional evidence was discovered which showed that the defendant was not liable.  It claimed to have discovered such evidence, and notified the plaintiff that it would not pay, as it had conditionally promised to do, within one month after the proofs of the loss had been furnished it.  The plaintiff, therefore, had five months within which he could have brought his action, before it was barred under the conditions of the policy.  If the plaintiff was induced to believe that the defendant would pay without suit, this was promptly retracted, and the plaintiff, in substance, notified that he must rely on his legal rights.  As there was no dispute as to the facts above

stated, there was nothing to submit to the jury; and the court correctly held that the plaintiff was not entitled to recover.

AFFIRMED.