## GERMAN FIRE INSURANCE COMPANY
### v.
### J. J. CARROW ET AL.

*Fire Insurance—Location of Buildings—Change in Firm Insured—Six Months' Limitation—Adjustment as Waiver of Objections—Agency— Ratification—Instructions.*

1. In an action upon a policy of insurance, wherein the defendant claims that the policy is void because the buildings insured were not entirely situated on the plaintiff's grounds, and because of a change in the firm insured, and that the action is barred by the six months' limitation in the policy contained, it is *held:* That these objections are met by an adjustment of the loss made by an independent adjuster whose acts were ratified by the defendant; that certain customary reservations if made in said settlement could not affect the waiver by the defendant of the six months' limitation clause of the policy; that defendant is estopped by the knowledge of its agent of the situation of the buildings and the change in the firm insured ; and that certain objections to instructions can not avail the appellant.

2. The law does not favor clauses of limitations in policies of insurance. They are strictly construed and allowed to be readily waived.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. STEVENS, LEE & HORTON and KAY & EUANS, for appellant.

French was not an agent within any definition of agency contained in the books.    McLean was a mere soliciting agent; and the law is well settled that a party who is merely a soliciting agent for insurance can not bind the company by any contracts or agreements that he may make.    He has nothing whatever to do with the adjustment of, or settlement for loss.    Covenant Mut. Benefit Ass'n v. Conway, 10 Ill. App. 348.

An agent can only bind a company by acts done in the line in which he is usually acting.    Hoffman v. John Hancock Mut. L. Ins. Co., 5 Ins. L. J. 389.

The limitation clause was certainly a reasonable and proper one, and parties having insurance are supposed, in law, to know what their policy contains.    The law supposes every person knows what provisions and conditions his policy contains.    Bishop v. Clay F. & M. Ins. Co., 11 Ins. L. J. 257; Davis v. Mass. Mut. L. Ins. Co., 5 Ins. L. J. 736; Fuller v. Madison Mut. Ins. Co., 4 Ins. L. J. 482.

The knowledge of an agent that the conditions of a policy have been violated, even though he is authorized to make contracts binding on the company, or even the knowledge of the officers of the company, will not waive the conditions of the policy or estop the company if defending against a breach of them.    English v. Franklin F. I. Co., 14 Ins. L. J. 877; Bachelor v. Green I. Co., 12 Ins. L. J. 813.

Warranties, whether in an application which is made a warranty or in the policy itself, must be absolutely true; and the warranty fully kept, whether material to the risk or not. Graham v. F. I. Co., 11 Ins. L. J. 64; Commonwealth M. F. I. Co. v. Huntinger, 10 Ins. L. J. 618.

Mr. T. B. HARRIS, for appellees.

McLean, the agent of the company, having full knowledge of the nature of the title of Carrow, Sewell & Co. to the prop-

erty and the location of the building, and having himself, from his own knowledge, prepared the application, the policy is not rendered void by reason of the building extending on the railroad ground, even though that fact is not stated in the application or policy, there being no fraudulent misrepresentations.   Andes Ins. Co. v. Fish, 71 Ill. 620 ; Atlantic Ins. Co. v. Wright, 22 Ill. 462, 473 ; H. & M. Ins. Co. v. Corneck, 24 Ill. 455, 461 ; F. & M. Ins. Co. v. Chesnut, 50 Ill. 111.

The renewal having been issued upon application of the new firm, and paid for by them on the advice of the agent of the company that such was the proper way to do, the agent having full knowledge of the change in the firm, the renewal constitutes a new and valid contract of insurance with the new firm.   Peoria F. & M. Ins. Co. v. Harvey, 34 Ill. 46 ; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164.

And this is so whether the agent communicated the change or not; for a party who deals with an agent through whom he applies for and obtains a policy, has a right to presume that such material facts as are made known to him are made known to his principal, and when policies are issued with full knowledge of such facts the insured is to suffer no prejudice nor are the insurers to gain any advantage by insisting upon conditions which it would be dishonest to enforce.   May on Ins. 2d Ed., 754; Atlantic Ins. Co. v. Wright, 22 Ill. 462 ; Keith v. Globe Ins. Co., 52 Ill. 518; Lycoming Ins. Co. v. Ward, 90 Ill. 514; Andes Ins. Co. v. Fish, 71 Ill. 620.

The conditions in a policy which may work a forfeiture are to be most strictly construed against the company.   May on Ins., Sec. 175; Aurora F. Ins. Co. v. Eddy, 49 Ill. 106; Commercial Ins. Co. v. Robinson, 64 Ill. 266.

Courts will not require very stringent evidence in order to defeat its application.   May on Ins., Sec. 488; Ripley v. Astor Ins. Co., 17 How. Pr. 444.

And waiver is question of fact for jury.   May on Ins., 488.

Mere silence may be evidence of waiver to go to jury.   *Ibid.*, and authorities there cited.

And such a provision is waived by deterring assured from bringing suit by holding out reasonable hopes of adjustment

of payment. Peoria M. & F. Ins. Co. v. Whitehall, 25 Ill. 466, 475; F. & M. Ins. Co. v. Chesnut, 50 Ill. 111; Derrick v. Lamar Ins. Co., 74 Ill. 404; Home Ins. Co. v. Meyer, 93 Ill. 271.

The adjustment having waived and abrogated the limitation condition in the policy, in the absence of fraud, is conclusive upon the company, and constitutes a cause of action upon which suit may be brought at any time within the statutory limitation. Illinois Mut. F. Ins. Co. v. Archdeacon, 82 Ill. 236; Farmers & M. Ins. Co. v. Chesnut, 50 Ill. 111.

LACEY, J. This suit was commenced June 6, 1885, in the Circuit Court by J. J. Carrow, Ezra Sewell, Wm. Potridge and John Hill, composing the firm of Carrow, Sewell & Company, upon a policy of insurance issued by appellant dated February 1, 1883. The policy covered an ice house owned by appellees. The policy was issued to A. B. Carrow, Sewell, Hill and Patterson February 1, 1883. A. B. Carrow sold and conveyed his interest in the property to J. J. Carrow without notice to the company, and on the 6th February, 1884, the company issued renewal receipts to Carrow, Sewell & Company continuing the policy in force for one year.

The property was destroyed by fire May 28, 1884. Wm. H. McLean, a resident of Iroquois County, secured the insurance. Only a small portion of the building extended beyond the lots owned by the insured on railroad grounds.

The agent who secured the insurance knew that a portion of the building extended over on railroad ground, and as the agent of the company, he examined the location and everything about the premises. The agent of the company was aware that the firm had been changed at the time of the renewal. The recovery in the court below was for $927.33, the amount of the adjustment and interest as we suppose.

The appellant makes the following points for reversal:

1st. The policy is void because the buildings insured were not entirely situated on appellees' grounds, while in their application for insurance they represented them to be in fee simple, and because the title had changed by conveyance by A.

B. Carrow of his interest to other members of the last named company before the renewal.

2d.   The second and main cause urged by appellant for reversal is the bar of six months limitation contained in the policy of insurance, which limitation required the suit to be commenced within six months after the loss, which time had expired after the loss and before the suit was commenced.

As an answer to these objections appellees allege that the appellant, by its authorized agents whose acts were subsequently ratified by it, adjusted the loss with the appellees and fixed it at the.sum of $866.66 by agreement, while the latter claimed the loss sustained to be $1,000, the full amount of the policy.   This claim, if made out, would be a good answer to both the above objections raised by appellant.   F. & M. Ins. Co. v. Archdeacon, 82 Ill. 236 ;   F. & M. Co. v. Chesnut, 50 Ill. 114;   Andes Ins. Co. v. Fish, 71 Ill. 620 ;   Peoria F. & M. Ins. Co. v. Harvey, 34 Ill. 46.

Was the evidence sufficient on this point to sustain.the verdict of the jury ?   We are inclined to think it was.   By reference to the appellant's answer filed in the garnishee proceedings in favor of Carter et al., introduced in evidence, it will be seen the appellant expressly admits in its sworn answer that this adjustment was made.   It says that it owed on this policy $866.66, payable September 17, 1884, if the fire did not originate by any act, design or procurement on the part of the insured or any of them, or in consequence of any fraud or evil practice done or suffered by them, and nothing has been done by or with their privity or consent to vitiate the conditions of the said insurance or any of them so as to render said policy void.

It further admits that the loss was adjusted July 15, 1884. In his testimony Wagoner, the secretary of the appellant, testified that he "received the proof of loss that French, the adjusting agent, had made out on the 17th July, 1884." French did not use the blank sent to Holden.   Our company, he says, "accepted it as a measure of damages under the policy, in a measure as an adjustment of the loss."   In Wagoner's letter of May 30, 1885, to J. C. Turner, of Chicago, attorney for

appellees, he says, while at the same time denying liability: "After the fire occurred Mr. Wm. B. French, who is an independent adjuster of losses, was requested to adjust this loss, and it was through him that we learned of the above irregularities," etc.

The proof shows by several witnesses that French did adjust this loss and agreed to that amount, and that he wrote to the company a letter concerning his action, which it did not produce on the trial. It might from all this evidence be reasonably inferred by the jury that this letter stated fully what he had done in the matter of adjustment, and that it was fully informed of all his acts and doings. Appellant's admissions show that it did accept the adjustment and settlement. Such notice was received and his acts ratified, and this was as effectual to bind the appellant as if he had been employed to make this adjustment in the first instance. But admitting that two or three customary reservations were made in such settlement in regard to points of defense for acts that may have been done by appellees, which they accepted in their proof of loss that French made out and which was sent to appellant, it could make no difference in principle as to the waiver by appellant of the six months limitation clause in the policy. Even in case of unconditional adjustment of the loss where the assured had made concealment of facts, like the one mentioned and accepted, a defense would on such grounds be allowable with or without the reservations, and the reservations would only confirm existing rights.

The fact remains that after the adjustment the contract was a new and different one from that contained in the policy, and founded on a valid consideration, the taking a less sum by the appellees than claimed and allowed by the policy. Under such circumstances only the general Statute of Limitations could be interposed as a defense. The law does not favor such clauses of limitation in policies of insurance, and they are strictly construed and are allowed to be readily waived. The settlement would be a valid consideration of waiver and the count in the declaration based on such is good. We think the jury was justified in finding from the evidence that there

was a complete waiver of the objections to recovery urged by appellant's counsel.

As to the points made in appellant's brief that the policy was void because the application for insurance did not correctly state the title of the property in the insured, a portion of the buildings being on railroad ground, and that the renewal was void because there had been a change in the firm, we think they are not well taken. Aside from these points being waived by the adjustment it will be seen that McLean, the agent receiving the application, was well aware of the situation of the ice buildings and knew that a portion of them was on railroad ground, and also himself prepared the application for the new firm for renewal well knowing of the change, and advised the renewal as it was made. These being the facts under the rule laid by the Supreme Court in Andes Ins. Co. v. Fish, 71 Ill. 620, Peoria F. & M. Ins. Co. v. Harvey, 34 Ill. 46, and other cases, this technical and inequitable defense falls to the ground. The appellant is estopped from insisting on such defenses, knowing the facts in the case as well as the insured at the times respectively of the application and renewal; it can not be heard to complain if the facts in the application were inaccurately stated nor of fraud in renewal. Under the clearly proven facts on the trial we think the objections urged to appellees' instructions can not avail. The 4th instruction being particularly complained of as being wrong in respect to the agency of French in making the adjustment, we have examined it in connection with the evidence and find that while it may not be literally correct in putting the question as though the agency of French existed in the first instance, it is in substance correct, as the acts of French in making the adjustment were subsequently ratified by the appellant, which, in law, amounts to the same as though he had been authorized in the first instance. And it could make no difference whether Holden, who delegated his authority to French, had full power to adjust loss in full, if the acts of French were ratified after he made a complete settlement, as the company by Wagoner, its agent, state was the case, which it also admitted in the answer in the garnishee proceedings. The

objection is merely technical and without substance.   After re-
viewing the whole case we have arrived at the conclusion that
there is no substantial error in the record, and that substan-
tial justice has been done.

   The judgment is therefore affirmed.

                                   *Judgment affirmed.*