## THE GERMANIA FIRE INSURANCE COMPANY
## v.
## SOPHIA L. HICK, FOR USE, ETC.

*Fire Insurance—Interest of Assured—Leasehold—Knowledge of Agent —Estoppel—Practice—Trial by Court.*

1. Where the agent of an insurance company knows the interest of the assured in the property, and does not require a statement thereof, the company will be estopped, and can not avoid the policy because his interest varies from that stated in the application made by the agent.

2. Where an insurance company by its agent was informed of facts which it insists on the trial effected a forfeiture, but did not elect to cancel the policy, it will be liable under its policy for a loss.

3. Where a cause is tried without a jury, the court may properly refuse to hold as the law, propositions which are not based on the evidence.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Gallatin County; the Hon. CHAUNCEY S. CONGER, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for appellant.

Messrs. ROEDEL & SISSON, for appellee.

GREEN, J. The policy sued on was issued by appellant to appellee insuring *her mill*, machinery, etc.; loss, if any, payable to Chas. S. Ridgeway, mortgagee, as his interest appears. The cause was tried by the court, and the court found for plaintiff and rendered judgment against defendant for the amount of insurance. There is no controversy as to the payment of premium, the delivery of the policy, the loss by fire of the insured property within the period for which defendant insured it, or the proper proof of loss and refusal by defendant to pay. It further appears, and is not disputed, that Ridgeway acted as agent for appellee in getting the property insured, and told Boyd, the agent for the appellant, " his mortgage from Hick provided she should keep the property insured for

his benefit; that it stood uninsured and he wanted it insured."
Upon this verbal request, Boyd proceeded to make the application and issue the policy. Ridgeway made no written application and was not asked to do so. Boyd made the only application for the insurance that was made to the company. It was a mill survey made by Boyd in which he answered the questions from his own knowledge; not from any information obtained from Ridgeway. This he sent to the company, and upon it the policy was issued. Appellant insists, however, the evidence does not sufficiently show that Boyd at the time he took the insurance and forwarded the application knew the mill was situated on leased ground. We think otherwise, and from a careful examination of the record are satisfied the trial court properly found from the evidence Boyd had such knowledge at that time. Counsel for appellant further suggest, as having some bearing on the question of plaintiff's right to recover, that no application for the insurance was made by the assured or her agent; hence it was a fraudulent concealment operating to avoid the policy, for Ridgeway not to disclose to Boyd or the company the fact the building was situated on leased ground. But Boyd testified he made the application, which consisted not alone of a mill survey, but also of answers made by him from his own knowledge to the questions, which evidence was not objected to. From it a fair inference is, the questions answered were those by the application required to be answered, and among those some touching the title or interest of the assured; and we notice counsel for appellant declined to avail themselves of the opportunity and means furnished by cross-examination to more fully present the character of answers made in the application or offer to produce it, but quite satisfied with the information already obtained, refrained from further inquiry upon that point. The policy contains under the head, "What will avoid this policy," this clause: "Also the following, unless specially agreed to in writing in or upon the policy;" and then follows, among other things mentioned, "The situation of an insured building on leased ground." Under the facts proven this clause is relied on by appellant to defeat the recovery.

As we view the record, the trial court properly found from the evidence that appellant, knowing the mill insured stood on leased ground, with that knowledge received and accepted the premium agreed upon, and in consideration thereof contracted with the assured to insure *her mill* and other described property for one year, to the amount of $1,000; loss, if any, payable to Thos. S. Ridgeway, as his interest appears; that during said year the mill and other property was totally destroyed by fire, Ridgeway then holding a mortgage upon said premises, $942 of his mortgage debt being then due and unpaid, and we are asked to reverse the judgment because, in this policy prepared by appellant with knowledge of the interest of the assured, it omitted to add, in writing, after the words, "her four-story frame shingle roof, water mill building situated on southwest bank of the Wabash river * * * " the words, "situate on leased ground;" and it is insisted by appellant even under the facts proven, it is not estopped from defeating the recovery under the said clause in the policy. Such contention is not supported by the decisions of our Supreme Court and is denied to be the law by decisions of courts of last resort of other States, and of the Supreme Court of the United States.

In the case of Atlantic Insurance Co. v. Wright, 22 Ill. 473, the conditions in the policy required, "If the interest or property be leasehold or mortgage or any other interest not in fee simple, it must be made known to the company and expressed in the policy;" and the court say: "When the application is prepared, signed and presented by the owner, the company has the right to rely upon its correctness, and if incorrect in any material part, it avoids the policy; but where the assured fully discloses to the company, or its agents, the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they are estopped from denying the description adopted in its policy. If, from all the facts in the case, they erroneously determine the insured had one kind of interest in the premises when he had another, they can not be heard to say they were mistaken and by that means escape the liability they have incurred."

In Andes Ins. Co. v. Fish, 71 Ill. 620, the court cite and approve the rule announced in the above case and say: "The correctness of this rule has not hitherto been questioned, nor do we now think it is liable to any objection." In the case in 71 Ill. the condition in the policy was like that in the case in 22 Ill.—the assured *had a life estate only* in the premises. In the written application this question was asked: "State the nature of your title, whether fee simple, leasehold or by bond or agreement. If others are interested, give name, interest and value." To this question the agent of the assured answered: "*Fee simple.* Henry Fish of Alton, Ill., holds deed of trust for $2,500." It was contended by the insurer this was such a misrepresentation of the title as avoided the policy, but the court say: "It was competent to show by parol the application was filled out by the agent of appellant (the insurer) with full knowledge of all the facts, for although afterward signed by the assured, it was then the act of the company as well as of the assured, and its representations became. as conclusive upon it as they did upon her. All charge of fraud and deception on the part of the assured might thus be completely and properly refuted;" and although the evidence was conflicting as to these facts, and the evidence for appellant was to the effect the agents would not have insured if he had known the assured had but a life estate in the property, yet with the remark, "a question of fact was thus raised peculiarly within the province of a jury to settle," the court refused to disturb the verdict and affirmed the judgment.

In Williamsburg City Ins. Co. v. Cary, 83 Ill. 453, the rule is laid down, when a company by its agent is informed of facts which it insists on the trial effected a forfeiture, but does not elect to cancel the policy and give the assured an opportunity to again insure, it will be liable for the loss.

In Lycoming Ins. Co. v. Jackson, 83 Ill. 302, the policy contained this clause: "If an application, survey, plan or description of the property insured is referred to in the policy it shall be a warranty by the assured, and any false representation by the assured as to the condition of the property or any omission to make known every fact material to the risk,

or if the interest of the assured in the property, whether as owner * * * be not truly stated in the policy, it shall be void."

The assured testified she stated to the agent the house stood on leased ground. The description was not so stated in the policy. The court say: "The jury seem to have believed her, and if the company failed to state the fact in the policy it was from their negligence or to defeat the policy, as they were fully informed of the fact." And further say, speaking of the conditions requiring a disclosure of the nature of the title by the assured, they must have a fair and reasonable construction. The great central idea around which all others cluster is, has the assured an insurable interest, and has the assured acted in good faith?

In line with these decisions of our Supreme Court we find numerous decisions of courts of last resort of other States, and of the United States Supreme Court; among these, Fletcher v. Com. Ins. Co., 18 Pick. 419; Sussex Co. Ins. Co. v. Woodruff, 26 N. J. 541; Clark v. Man. Ins. Co. 8 Howard, and cases there cited.

Guided by the rules of law applicable to the facts proven, we feel no hesitation in affirming the judgment. The appellant was informed by the knowledge its agent had, of the fact the mill stood on leased ground; with that knowledge it issued its policy as stated, omitting to state that fact in or on the policy, in writing. It did not elect to cancel the policy and give the assured an opportunity to insure elsewhere. This omission was the result of the negligence of appellant, or was intended to defeat the policy, and in either case it is estopped from taking advantage of such omission and setting it up as a defense in this suit.

Appellant further insists the court did not decide the question of fact whether appellant had knowledge the mill stood on leased land when it issued the policy, but decided the case and rendered the judgment complained of upon the erroneous theory that, even if appellant did not then have such knowledge and its agent asked no questions of Ridgeway, and Ridgeway said nothing about the title of the assured, and did not

disclose the fact the mill stood on leased ground, still, notwith-
standing the said condition in the policy, appellant was in law
entitled to recover, and this assumption is based upon the
refusal of the court to hold as the law either of two propo-
sitions, appellant requested it to so hold. These were the fourth
and fifth, and each was obnoxious to the objection that facts
were not fully set out therein. In the fourth this appears: " and
the fact there was no application except a mill survey; " and
in the fifth—" the mere fact the agent of the company did make
a survey of the property which he forwarded to the com-
pany;" omitting to add the fact stated by Boyd that *answers
by him to the questions accompanied the survey.* It was for
such very material omissions, doubtless, the court refused to
approve the propositions four and five, but it did hold the law
to be as requested by appellant in its second proposition, " that
unless the plaintiff proves by a preponderance of the evidence
that the defendant or its agent, prior to the destruction by fire
of the building insured by the policy in suit, had notice in time
to have canceled said policy that said building was situated
on leased ground, then the plaintiff can not recover."

We find nothing erroneous in the propositions held to by
the law, taken as a series, nor did the court err in refusing
those it refused to so hold.    Its findings and judgment were
justified by the evidence and the law.    The judgment is
affirmed.

*Affirmed.*