# AMERICAN CENTRAL INSURANCE COMPANY
## v.
## SOPHRONIA R. BROWN.

*Fire Insurance—Conditions—Title—Litigation—Sec. 85, Practice Act—Acts of Agents—Proof of Loss—Waiver.*

1. Under Sec. 85 of the practice act a cause must be considered as pending during two years from the time the same was reversed and remanded by the Supreme Court.

2. When such cause involves the title to real estate, the insurance of such property by an agent having knowledge of such reversal amounts, in the absence of fraud or concealment, to a waiver of a condition that the policy shall be void if the title to the property "be or become involved in litigation."

3. The failure of an insurance company to designate the error in a preliminary proof of loss, upon the existence of which it bases its refusal to pay, constitutes a waiver thereof.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Franklin County; the Hon. OLIVER A. HARKER, Judge, presiding.

Messrs. D. M. BROWNING and W. S. CANTRELL, for appellant.

Mr. F. M. YOUNGBLOOD, for appellee.

PHILLIPS, J. Appellee brought her action on a policy of insurance issued by appellant.

A verdict and judgment was entered in appellee's favor and this appeal brings the record to this court.

The policy contains this clause: "This policy shall be void and of no effect if the title to the property insured be or become involved in litigation." The appellant sought to show a breach of that condition to avoid liability.

The evidence shows that the Polar Star Lodge, No. 652, A. F. and A. M., filed a bill for specific performance against

Isham Harrison and wife and E. J. Brown, the husband of appellee, to cause a deed to be made to the lodge, of the lot on which the insured building stood.

A decree had been entered adverse to the defendants in that bill and an appeal prosecuted to the Supreme Court, where the decree entered in the Circuit Court was reversed and the cause remanded.

The opinion is reported in 116 Ill. 279. During the pendency of that litigation, E. J. Brown, one of the defendants to that bill, conveyed the premises to his wife, the appellee here. J. F. Mason was an agent of the appellant and before the reversal applied to E. J. Brown to insure the building and was informed the title to the premises was in litigation.

After the reversal of the decree Mason, in conversation with E. J. Brown, as he testifies, was informed: "We have beat our suit and I expect I had better take out a small policy on the building." "Says I, 'All right; if the suit is decided then the property is insurable.' I had heard before that the case had been carried to the Supreme Court and had been decided in his favor."

He further states: "What I knew would not be very much; that is, what I absolutely knew. I knew there was a suit pending between the parties at Mulkeytown in regard to this particular property."

E. J. Wright, the agent of appellee, testifies: "I think it was as much as five or six months before that time (the time of issuing the policy) Mr. Mason asked me if I wanted insurance on my house, and I told him it was in litigation. As the case was not decided (it was in the Supreme Court), he said no, the company would not take it. Then when he came to town the time I did insure, he was speaking about it again and I told him the Supreme Court had reversed the decision, and that it was all right and my wife wanted a policy on it. He said all right. That is the way I understood him; that it was all right. This was before the policy was issued."

It is claimed by appellee that inasmuch as there had been a reversal of the decree and an order to remand, that unless notice was given and the cause re-docketed, it can not be said

that the title to the property was in litigation. We do not assent to this proposition; as by section 85 of the practice act, from the date of filing the opinion of the Supreme Court two years are given to either party to file the transcript before the cause shall be considered as abandoned; and during that time it must be considered as pending.

From this evidence it appears that the agent of appellee, her husband, had informed the agent of appellant that the title to the property was in litigation; that the decree was appealed from; that the decree of the Circuit Court had been reversed was stated. All these facts were known to the agent of appellant when he issued the policy. That agent states he "had heard before that the case had been carried to the Supreme Court and had been decided in his favor." Then, from this evidence, the agent of the company knew, in reference to the litigation, that the title to the premises was involved; that a decree had been entered and appealed from; that on appeal the decision of the Supreme Court was a reversal. It does not appear that any other fact was stated, or any concealment of facts by the agent of appellee, nor that any statement was made not already known to the agent of appellant. Then it must be held the company waived that condition of the policy. The F. & M. Ins. Co. v. Chestnut et al., 50 Ill. 111; The Andes Ins. Co. v. Fish, 71 Ill. 620; The Atlantic Ins. Co. v. Wright, 22 Ill. 473.

It is further insisted by appellant that the appellee did not furnish proofs of loss as required by the policy. The policy contains this clause:

"If the loss sustained be upon a building, the insured shall furnish a duly verified estimate in detail by a reliable and responsible builder, of the actual cash value of the same immediately before the fire, or the damage to the same by fire."

In the proof of loss furnished by appellee with other affidavits showing loss was an affidavit signed by T. P. Vanzandt and Jesse Barnett, carpenters and builders, who stated they had examined the building, and do "estimate the cost of said building at one thousand dollars." It appears that Robert Gray, an adjuster for the company, had visited the premises

and on November 29, 1886, wrote appellee that he had submitted the facts to the general adjuster, and saying: "As we neither admit nor deny liability under your policy until further investigation, you will be expected to furnish your own proofs of loss." On December 2, 1886, D. Rorick, the general adjuster, wrote appellee the company had been informed that at the time of the insurance and loss, the title to the property was in litigation, and she was not the unconditional owner of the property at the time, and saying: "If it was true that the property at either of the times referred to was in litigation and that you were not the unconditional and sole owner of the same at the time referred to, the policy is void and of no effect," and further saying that it required a full compliance with all the conditions of the policy relating to proceedings in case of loss. On December 15th, after proof of loss had been furnished, the general adjuster returned the same to appellee and wrote her, saying " that it had no date," and required an estimate in detail of a reliable and responsible builder.

It appears by his letter of December 18, 1886, the general adjuster, D. Rorick, wrote appellee acknowledging the receipt of what purported to be proofs of loss, saying " that they were not proofs of loss in accordance with the conditions of the policy, and declined to accept the same, and saying they were held subject to the order of appellee.

· No special objections to the proofs of loss last furnished by appellee are pointed out by that letter. The rule is well established that if an insurance company put their refusal to pay on a defect of the preliminary proofs of loss and suggest no defects in such proofs, their silence will be held a waiver of the defects, and the proofs must be considered as having been duly made according to the conditions of the policy. The P. M. & F. Ins. Co. v. Whitehall, 25 Ill. 466; Great Western Ins. Co. v. Staaden, 26 Ill. 360. In the Ins. Co. of N. A. v. Hope, 58 Ill. 75, it was held: " The objection that the proofs of loss, when presented on the 6th day of May, were not in conformity to the conditions of the policy, does not aid the cause of the appellant. Only a general objection was made

by the agent when the proofs were presented, and no specific defect was suggested or pointed out.    The rule is, if the proofs of loss are insufficient when presented, it is the duty of the company or agent to give notice to the assured of the specific defect.    And if the company or agent fail to point out wherein the proofs are defective, such proofs, notwithstanding a general objection, will be deemed sufficient."

These authorities must be held conclusive of this question and the objection to the proofs of loss be deemed waived by the failure of the agent to point out specific defects.    Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*