## Royal Neighbors of America v. Joseph E. Boman.

1. INSURANCE—*Effect of Untrue Statements in Application Prepared by Agent of Insurer.*—Where an agent of an insurance company, having real or apparent authority for that purpose, is truly informed by the assured of the real facts relating to the risk, but such agent incorrectly states them in a written application for insurance prepared by him, and without the knowledge or consent of the assured, the company is estopped from insisting upon a forfeiture of the policy issued upon such application, on account of such erroneous statement in such application; and oral evidence is competent and proper to show the real information

Royal Neighbors of America v. Boman.

given such agent by the assured, notwithstanding the statements made in the application.

2. AGENCY—*An Insurer is Bound by Acts of Agent Within His Apparent Authority.*—Where an insurer clothes its agent with apparent authority to act for a particular purpose as to third parties, who, without notice of the real authority of such agent, deal with it through him, it will be bound by his acts within the scope of his apparent authority, although in fact he had not such real authority.

**Bill,** to enforce an insurance policy. Appeal from the Circuit Court of Adams County; the Hon. JOHN C. BROADY, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

J. G. JOHNSON and J. W. WHITE, attorneys for appellant.

HAMILTON & WOODS, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The appellee filed in the Circuit Court of Adams County his bill of complaint in chancery against the appellant, setting up that the appellant is a fraternal beneficiary society, organized under an act of the legislature of this State, found on page 130 of the Illinois Session Laws of 1893; that on February 7, 1895, Sarah F. Boman, the wife of the appellee, made application to the appellant for a benefit certificate on her life in the appellant order, she then being a member of the local camp of the appellant at Quincy, Illinois; that in pursuance of said application, the appellant did, on May 10, 1895, issue upon her life a benefit certificate for a benefit of $1,000, payable at her death to the appellee, her husband, which benefit certificate is attached to the bill and made a part thereof; that his wife complied with all the requirements of the appellant as set forth in said application and benefit certificate, and on May 29, 1896, died in good standing in said order; that an assessment upon each member of the appellant holding a benefit certificate, would have realized the $1,000 to pay the appellee his said benefit; but that the appellant has refused

to make such assessment or to pay the appellee his said $1,000; he therefore prayed the court to decree that the appellant levy and collect such assessment as provided in his said benefit certificate, and pay him from the money realized therefrom the said $1,000, together with lawful interest thereon.

The appellant answered the bill and interposed as a defense thereto that the said Sarah F. Boman had in her application for the benefit certificate sued on, expressly consented and agreed that any untrue and fraudulent statement or answers made to the camp physician, or any concealment of facts, intentional or otherwise, in her application, should forfeit the rights of herself and her beneficiary to all benefits and privileges in said benefit certificate promised; and that on her said application for said benefit certificate, she had falsely and untruly answered "No" to each of the following questions contained therein :

Question 17. "Have you within the last seven years consulted your family physician, or any other physician, in regard to any personal ailment?"

Question 20. "Have you ever had any serious illness, local disease or personal injury?"

Question 28. "Have you ever had bronchitis?"

And charged the fact to be that said Sarah F. Boman had been treated a number of times for bronchitis and other serious sickness, by her family physician, within said seven years, and that she died from an attack of bronchitis, which untruthful answers and concealment of said facts from the appellant at the time of making said application, had, as agreed in said application and benefit certificate, forfeited the right of the appellee to have said assessment levied, or said $1,000 benefit paid him.

The appellee filed a general replication to the answer.

From the evidence, on the hearing, it appeared that the application for the benefit certificate was made by filling up and signing a blank furnished by the appellant, and that the answers therein, to the said questions, as stated in the answer of the appellant to the bill, were "No,"

Royal Neighbors of America v. Boman.

as claimed by the appellant; but it was further shown that appellee's wife, when she made said application, went to the office of Dr. S. F. Meacham, in Quincy, Illinois, on February 7, 1895, he then being the regular medical examiner of the appellant for its local camp there, and he, as was the custom in such cases, read to her the questions in said blank application, and wrote therein her answers thereto, and when said question 17 was read to her by him, she answered that she had been treated by her family physician for acute bronchitis, and as far as she knew, she had recovered; and thereupon Dr. Meacham wrote her answers to the said three questions " No," instead of what she in fact did answer; and when all the blanks in the application were by him filled in, he told her to sign it, which she did without reading it herself, or having it read to her, nor did she know what Dr. Meacham had written in the blanks.

The warranty in the application, and the terms of forfeiture therein, were as is contained in the averment of the answer.

It further appeared that Mrs. Boman was treated by Dr. C. W. Rook as follows :

April 30, 1888, one visit for slight attack of bronchitis.

May 30, 1888, one visit for malarial affection.

From January 25 to February 5, 1892, two visits for attack of acute bronchitis.

On March 17, 1892, one visit; could not tell for what.

June 18 to 30, 1892, two visits for approaching confinement.

July 1 to 30, 1892, seventeen visits for recovery from childbirth.

August 1 to 27, 1892, eleven visits for inflamed breast.

October 16, 1894, one visit; could not tell for what, and December 6, 1895 to May 29, 1896, treated her for an attack of chronic bronchitis, resulting in her death on May 29, 1896.

It was further shown that " acute bronchitis " is ordinarily known as a " cold."

From this evidence the Circuit Court found for the appel-lee, and entered a decree in his favor for $1,043.30 and costs.

We think in this State the rule is, that where an agent of an insurance company, having real or apparent authority for that purpose, is truly informed by the assured of the real facts relating to the risk, but such agent incorrectly states them (in a written application for insurance prepared by him, and without the knowledge or consent of the assured), the company is estopped from insisting upon a forfeiture of the policy issued upon such application on account of such erroneous statement in such application; and oral evidence is competent and proper to show the real information given such agent by the assured, notwithstand-ing the statements made in the application under such cir-cumstances.     Andes Insurance Co. v. Fish, 71 Ill. 620.

We further believe the rule in this State is, that where the insurer clothes its agent with the apparent authority to act as its agent for a particular purpose, as to third parties, who, without notice of the real authority of such agent, deal with it through such agent, it will be bound by the acts of such agent within the scope of this apparent author-ity, although, in fact, he had not such real authority. Farmers & M. Ins. Co. v. Chesnut, 50 Ill. 117; Phoenix Ins. Co. v. Stocks, 149 Ill. 335; Home Ins. Co. v. Mendenhall, 164 Ill. 466.

Applying these rules to the facts in this case, we hold that Dr. Meacham, when he received from Mrs. Boman the information to fill in her application, was the agent of the appellant to receive notice for it, of her ailments and phys-ical condition, in order to determine whether to accept her application to be insured by it; that she did disclose to him truthfully such ailments as would inform it of her physical condition for the time called for in the questions pro-pounded to her, when she made her application for the insurance sued for in this case; and that the appellant, hav-ing with such notice issued her the benefit certificate sued on in this case, and received from her in her lifetime all

assessments made thereon, is now, after her death, estopped to insist upon the forfeiture provided for in her application and benefit certificate on account of the untruthful answers contained in the application. (See Germania Life Ins. Co. v. Koehler, 168 Ill. 293, and cases therein cited.)

The Circuit Court having therefore committed no error in its decree appealed from in this case, we affirm it.

Decree affirmed.