CHICAGO—FIRST DISTRICT—DECEMBER, 1909.    89

East Liverpool China Co. v. Illinois Surety Co., 152 Ill. App. 89.

## East Liverpool China Company, Defendant in Error, v. Illinois Surety Company, Plaintiff in Error.

### Gen. No. 14,691.

SURETYSHIP—*when limitation period as to commencement of action constitutes defense.* If an action is required by a bond of indemnity to be brought thereon within 365 days from the time that the company's liability ceases for subsequent acts of the employe whose honesty is guaranteed, failure to bring the action within such time is fatal if such defense of contract limitation is interposed.

Action of debt. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed December 7, 1909.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

ARCHIBALD CATTELL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

An action was brought in the Municipal Court of Chicago by the East Liverpool China Company, doing business as The Great Northern Manufacturing Company, defendant in error, against the Illinois Surety Company, plaintiff in error, on a bond issued to the plaintiff by the defendant, dated April 25, 1906. By the terms of the bond the defendant bound itself to reimburse the plaintiff for any loss it might sustain through the "larceny or embezzlement" of one Henry A. Miller during the period of one year from the date of the bond. The plaintiff received the bond directly from the defendant and paid the premium therefor.

The evidence shows that in the latter part of June, 1906, Miller, who was a travelling salesman for plaintiff, was short in his account with the plaintiff. This was brought to the attention of the defendant, which wrote a letter to plaintiff consenting that plaintiff might retain Miller in its employ and agreeing to be

90 Appellate Courts of Illinois.

East Liverpool China Co. v. Illinois Surety Co., 152 Ill. App. 89.

bound by any acts committed by him during the term of the bond.

In September, 1906, Miller's account showed a further shortage, and plaintiff notified defendant of the shortage by a letter inclosing statement dated September 7, 1906, showing the amount of the shortage to be $142.71. Certain deductions were subsequently made from the claim which brought it down to $122.71.

The bond contained a provision that it was issued and accepted subject to certain conditions on the back thereof. Among these conditions were the following:

"The employer's claim for loss and default hereunder, or any renewal hereof, must be presented to the surety within six months from the date the liability of the surety for the employe's subsequent acts as aforesaid ceased from any cause; and no suit or proceeding at law or in equity shall be brought after 365 days shall have passed from the date upon which the surety's liability for said subsequent acts of the employe ceased."

"It is essential to the validity of this bond that it be signed by the employe and that the actual payment to the surety of the premium, or any renewal premium, shall be a condition precedent to any recovery on this bond for any default during the term of this bond or of any renewal of the same, as the case may be."

Miller never signed the bond; and there is no evidence in the record that the defendant had any knowledge of his failure to sign it up to the time the bond was introduced in evidence on the trial of the cause.

The trial court found the issues for the plaintiff and assessed its damages at $122.71, and entered judgment on the finding.

The defendant, plaintiff in error, seeks to reverse the judgment on several grounds. We find, however, that it is necessary for us to notice or discuss only one of those grounds, for the reason that if the contention of the defendant that the suit was not brought within the period limited by the bond is sustained, it is decisive of the case.

East Liverpool China Co. v. Illinois Surety Co., 152 Ill. App. 89.

It is contended on behalf of defendant that under the provision of the bond above quoted suit should be brought within 365 days from the date of the notice of loss, which was September 7, 1906; and as the suit was not brought until January 14, 1908, it was too late, and the delay of the plaintiff is a bar to any claim it may have had against the defendant.

The condition above quoted appears to us to be clear. There can be no reasonable doubt from the evidence in the record that all liability for the subsequent acts mentioned in the condition of the bond ceased on September 7, 1906, when the written notice of loss was given. The defendant was no longer liable for any acts of Miller subsequent to that date. The provision seems to us to provide clearly that "no suit or proceeding at law or in equity shall be brought after 365 days shall have passed from the date upon which the surety's liability for said subsequent acts of the employe ceased." No question is made in argument, and none could be made, as to the reasonableness of this limitation. Andes Ins. Co. v. Fish, 71 Ill. 620. Much shorter periods in limitation clauses have been held valid. Universal Ins. Co. v. Weiss Bros., 106 Pa. St. 20; Garretson v. Hawkeye Ins. Co., 65 Ia. 468. There is no express or implied waiver of this provision shown in the record. We must, therefore, enforce the provision.

The judgment of the Municipal Court of Chicago is reversed with a finding of fact, and judgment is entered in this court for the defendant, Illinois Surety Company.

*Reversed and judgment here.*