# Phoenix Insurance Company of Brooklyn
## v.
## Chester B. Lebcher.

1. Insurance—Limitation clause valid.—The clause in insurance policies limiting the time for bringing suit to twelve months next after the date of the fire, is a valid agreement between the parties, and is a legitimate defense to a suit brought after the twelve months have expired, unless it appears that the company has waived the limitation, or has estopped itself by holding out reasonable hopes of an adjustment and settlement without suit, sufficient to actually deter the claimant from bringing suit till after the expiration of the time limited.

2. Same—Limitation—Negotiations no waiver.—The mere pendency of negotiations during a part of the period of limitation, conducted in good faith, with a view to a compromise, is no waiver of the limitation clause, and will not estop the company from setting up the defense.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed December 16, 1886.

This was an action on an insurance policy to recover for the

Phoenix Ins. Co. of Brooklyn v. Lebcher.

loss, by fire, of the house insured by the policy, situated in Miles City, Montana. The policy was dated January 29, 1884, the fire occurred February 11, 1884, and this suit was not commenced until August 25, 1885. The policy contains the following provision:

Condition B. It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the date of the fire from which such loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.

The company relied for a defense on the limitation contained in the foregoing condition.

It appeared from the evidence that one W. L. Wilder, a special adjuster for the insurance company, called on the insured, Dr. Lebcher, early in March, 1884, for the purpose of adjusting the loss, and after some investigation, refused to pay the loss in full. Negotiations looking to a compromise were had in several conversations, in the last of which an offer was made by Wilder which the assured declined to accept. On making the offer, Wilder said that he would not admit or deny liability, but made the offer to get up the policy. Wilder swears the offer was six hundred dollars, and the appellee swears the offer was seven hundred and fifty dollars, but whichever the amount was, appellee declined it and said he would sue the company. Wilder then said that he was going West, up into Montana, and on his return he would communicate with the company and would write and let the appellee know what he could do; that the company disliked to have suits brought against it, and it would cost it about what he offered to fight a suit in Montana. After Wilder returned from his

trip the following correspondence took place between the parties.

GRAND FORKS, D. T., 4–7, '84.

Dr. C. B. LEBCHER, Miles City:

Dear Sir: In regard to your loss, the company has referred the whole matter to you and myself.

You will remember the last conversation I had with you on the sidewalk, and I simply wish to say that when you find that we can make a settlement, write me here; and I will either write to you fully, or come to Miles City myself.

I should be much pleased to visit " Miles " again, but do not want to make the trip for nothing.

Regards to Harry.     Yours very truly,

W. L. WILDER, S. A.

C. B. Lebcher, M. D., dealer in drugs, patent medicines, paints, oils, glass, perfumery, toilet and fancy articles.

MILES CITY, MONTANA, Apr. 24, 1884.

W. L. WILDER, Esq., Grand Forks, D. T.

Dear Sir: Yours of the seventh, relative to the settlement of my claim against your company, at hand. My delay in replying was due to my absence in the East.

I think we shall have no difficulty in coming to an understanding, as all I desire is what is right and my just due.

If you conclude to come, we can, without doubt, reach a settlement.     Yours very truly,

C. B. LEBCHER.

GRAND FORKS, D. T., 4–29, '84.

Dr. C. B. LEBCHER, Miles City, Montana.

Dear Sir: Yours of April 24th now lies before me. I should like very much to make some definite understanding with you in regard to the matter.

I would like to get up the Phoenix policy, and will give you for it the sum I mentioned in our last conversation on the sidewalk—no more. You have also an adjustment clause in your policy, which must be taken into account in this connection.

I neither affirm nor deny liability in the matter, but simply desire to get up our policy, and will give you that amount for it, less one half adjustment.

Yours very truly,

W. L. WILDER, S. A.

C. B. Lebcher, M. D., dealer in drugs, patent medicines, paints, oils, glass, perfumery, toilet and fancy articles.

MILES CITY, MONTANA, May 3d, 1884.

W. L. WILDER, Esq., Grand Forks, D. T.

Dear Sir: In reply to your recent letter, I will say, I will accept your offer of $750 for the Phoenix policy, but will *not* allow any adjustment fees as you mentioned.

I am entitled to more than this amount, and have made this concession simply because I do not care to spend the amount of money necessary to adjust the matter in court, and I do not propose to accept any less than the above amount. If you can settle on this basis, I should be glad to see or hear from you at an early day.     Yours very truly,

C. B. LEBCHER.

No further communications were had between the company or its agents and the appellee.

There was a verdict against appellant for $1,301.50, and judgment thereon, and the case comes here by appeal.

Mr. ADELBERT HAMILTON, for appellant; that the limitation clause in the policy is a valid stipulation, cited Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466 ; Williams v. Vt. Mut. Fire Ins. Co., 20 Vt. 230 ; Wilson v. Ætna Ins. Co., 27 Vt. 101; N. W. Ins. Co. v. Phenix O. & C. Co., 31 Pa. 449; Brown v. Savannah Mut. Ins. Co., 24 Ga. 101; Portage Co. M. F. I. Co. v. West, 6 Ohio St. 602 ; Amesbury v. Bowditch M. F. I. Co., 6 Gray, 606 ; Nute v. Hamilton M. I. Co., 6 Gray, 108 ; Croy v. Hartford F. I. Co., 1 Blatch. 280 ; Humboldt Ins· Co. v. Johnson, 1 Bradwell, 309.

The mere pendency, during the running of the period of limitation, of negotiations, entered into in good faith by the company, for the purpose of effecting a settlement or compro-

mise, does not estop the company from setting up the limitation clause : Gooden v. Amoskeag F. Ins. Co., 20 N. H. 73 ; May on Insurance, §§ 485, 488 ; Little v. Phœnix Ins. Co., 123 Mass. 380 ; Underwriters Agency v. Sutherlin, 55 Ga. 266 ; Colonnis v. Hibernia Ins. Co., 3 Mo. App. 59.

Unless the conduct of the company is such as to induce the well-founded belief that no advantage will be taken of this clause : 2 Wood on Insurance, § 470 ; Curtis v. Home Ins. Co., 1 Biss. 485 ; McFarland v. Peabody Ins. Co., 6 W. Va. 425 ; Blanks v. Ins. Co., 36 La. Ann. 599 ; Davis v. Canada Farmers Mut. Ins. Co., 39 N. C. Q. B. 452.

As to waiver : Martin v. State Ins. Co., 44 N. J. 485 ; Ripley v. Ætna Ins. Co., 30 N. Y. 164 ; Ketcham v. Protection Ins. Co., 1 Allen, 136 ; Coursin v. Penn. Ins. Co., 46 Pa. St. 323 ; Doe v. Brindley, 4 B. & Ad. 84 ; Lampkin v. West Assurance Co., 13 N. Can. Q. B. 237 ; Ins. Co. v. Lacroix, 45 Tex. 158.

Mr. OLIVER N. GOLDSMITH, for appellee ; as to waiver of the limitation clause, cited Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466 ; F. & M. Ins. Co. v. Chestnut, 50 Ill. 117 ; Derrick v. Lamar Ins. Co., 74 Ill. 408 ; Andes Ins. Co. v. Fish, 71 Ill. 620.

MORAN, J. The clause in the policy sued on which limited the time for bringing suit thereon to within twelve months next after the date of the fire from which the loss occurs, is a valid and binding agreement between the parties, and furnishes a legitimate defense to the company where suit is not brought within the time limited, unless it appears that the company has waived the limitation or has estopped itself from asserting such defense by holding out reasonable hopes of an adjustment and settlement without suit, sufficient to actually deter the claimant from bringing suit until after the expiration of the time limited. Peoria Marine Ins. Co. v. Whitehall, 25 Ill. 466.

The mere pendency of negotiations during a part of the period of limitation, conducted in good faith, with a view to a compromise, is no waiver of the limitation and will not estop the company from setting up the defense. Gooden v. Amos-

keag Fire Ins. Co., 20 N. H. 73; May on Insurance, sections 485–488, and cases cited.

The evidence in this record discloses that about six weeks after the fire the agent of the company and the assured met, and some talk was had about a settlement, which ended in a promise by the agent to communicate with his company, and write to the appellant what he should be authorized to do. The agent promptly informed appellee that he had full authority to arrange the matter, and renewed the offer which he had verbally made to appellee, saying : "I would like to get up the Phoenix policy, and will give you for it the sum I mentioned in our last conversation on the sidewalk—no more. You have also an adjustment clause in your policy which must be taken into account in this connection. I neither affirm nor deny liability in the matter, but simply desire to get up our policy, and will give you that amount for it less one half adjustment."

The foregoing was written on April 29, 1884, and on May 3, 1884, appellee wrote: "In reply to your recent letter will say, I will accept your offer of $750 for the Phoenix policy, but will *not* allow any adjustment fee as you mentioned. I am entitled to more than this amount, and have made this concession simply because I do not care to spend the amount of money necessary to adjust the matter in court, and I do not propose to accept any less than the above amount. If you can settle on this basis, I should be glad to see or hear from you at an early day."

This letter marked the determination of the negotiations and of all efforts to compromise. In view of the peremptory statements contained in Wilder's last letter and in appellee's reply, appellee could have no possible reason for supposing that the negotiation would continue. He had written his ultimatum, and requested an early reply, if settlement could be made on the terms which he proposed. He received no reply, and the necessary inference was, after a reasonable time for an answer had passed, that his proposition would not be accepted. It does not appear from the evidence that anything whatever was said by either the agent or appellee about the

limitation clause in the policy—all that was said or written was wholly without reference to such clause, and apparently without its being thought of.

The negotiations on the part of the agent to get up the policy were commenced within a short time after the fire, and were wholly dropped by both parties more than nine months before the limitation fixed by the policy had run. This record is barren of evidence which will support the conclusion that there was any agreement or intention on the part of the company to waive the limitation, or that efforts at a compromise between the agent Wilder and the appellee were of such character as to constitute a waiver of it by way of equitable estoppel.

No promises or pretenses were made which could possibly extend the period of hope that a settlement would be made, beyond a reasonable time for acceptance, by the agent, of appellee's offer in his last letter. After that time elapsed, the attempted negotiations furnished no longer an excuse for not bringing suit. Were the efforts to compromise continued by the company till the period of limitation had expired, the case would be different, but they were ended in am le time for action to be brought. Indeed, in view of the evidence, we can not see that the negotiation actually delayed appellee at all. McFarland v. Peabody Ins. Co., 6 West Va. 430; Blanks v. Ins. Co., 36 La. Ann. 599.

The verdict is contrary to the evidence and the judgment must therefore be reversed and the case remanded.

Reversed and remanded.