## Illinois Live Stock Insurance Co. v. Baker.

1. *Limitations—Waiver of Conditions in a Policy.—Pleading—Burden of Proof.*—When a policy of insurance contains a limitation clause of six months, and the declaration in a suit brought upon it after the expiration of the six months averred that the company had waived this clause by requesting the assured not to sue, *it was held*, that under a plea of the general issue, the burden of showing the waiver was upon the plaintiff.

Illinois Live Stock Ins. Co. v. Baker.

2. *Pleading—Demurrer.*—Where the declaration in a suit upon a policy of insurance containing a clause limiting the bringing of suits upon it to six months, avers, by proper allegations, that the company had waived the clause, a plea of the statute of limitations founded upon this clause, pleaded after the general issue, is bad as amounting only to the general issue.

3. *Pleading a Waiver.*—It is not necessary for the plaintiff to aver in his declaration upon a policy of insurance a waiver of the limitation; he may wait for the defendant to set up this matter by a special plea and then reply a waiver by the company.

4. *Waiver of Limitations.*—Where a policy of insurance contained a limitation upon the right to sue, and the company, within the period so limited, requested the assured not to sue, and its president represented that the company was not then able to pay, but would be after a while, and if the assured would wait he should be paid, and he did wait, *it was held,* that by such acts, the company had waived its right to rely upon the limitation.

5. *The Limitation Can Not Be Revived after a Waiver.*—After an insurance company has waived the right to rely upon a clause of limitation contained in its policy, such a waiver can not be recalled or revoked. If any substantial part of the time provided by the limiting clause is lost by reason of the waiver, the limitation is wholly gone. It can not then be revived, nor can the plaintiff be required to sue, within any time short of the statutory limitation.

Memorandum.—Action of assumpsit upon a policy of insurance. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. Thomas J. Tipton, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

## Appellant's Statement of the Case.

On the 7th day of July, 1886, appellee procured from appellant an insurance in the sum of one thousand dollars upon a stallion owned by appellee. The policy provided that no action against appellant for the recovery of any claim by virtue of said policy should be maintained unless such action should be commenced within six months next after the date of the death of the animal insured, and should any action be begun against appellant after the expiration of said six months, the lapse of time should be taken and deemed conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding. The policy ran from the 17th day of July, 1886,

to the 17th day of July, 1887. On the 11th day of February, 1887, the horse mentioned in the policy died. Suit was begun, by appellee, on the policy, in the early part of the year 1892.

In order to avoid the effect of the six-month limitation clause, appellee set forth in his declaration that on the 15th day of January, 1888, " and more than six months next after the death of said animal, appellant, by its then president, waived its right to have said suit brought within said six months by promising to pay the amount for which the animal was insured."

Appellant's Brief, Kerrick, Lucas & Spencer and J. B Mann, Attorneys.

After the lapse of six months, any promise, which, if made within six months, would have operated as a waiver of the limitation clause, was without consideration, and therefore void. In other words, such waiver did not put the plaintiff in a condition where he was likely to lose any of his rights. It did not cause him to lose any right he then had, because he was already barred. The doctrine of estoppel can not therefore be invoked. May on Ins., Sec. 482.

Appellee's Brief, Rowell, Neville & Lindley, Attorneys.

" When an insurance company shall, by fraud, or by holding out responsible hopes of an adjustment, deter a party assured, being under such a condition to sue, he honestly confiding in the pretenses and promises of the assurer, the condition would be no bar, but in such cases there should be proper averments in the declaration of the fact." Peoria Marine and Fire Ins. Co. v. Whitehill, 25 Ill. 475; F. & M. Ins. Co. v. Chesnut et al., 50 Ill. 117; Peoria Marine & Fire Ins. Co. v. Whitehill, 25 Ill. 475; Andes Ins. Co. v. Fish, 71 Ill. 620; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 362.

Opinion of the Court, Wall, J.

This was assumpsit upon an insurance policy issued by the company upon a horse, belonging to the plaintiff.

The policy contained a limitation clause of six months, and the declaration averred that the company waived this clause by requesting the plaintiff not to sue.

In the first count the request was alleged to have been made after the six months had expired; in the second count it was alleged to have been made within that time. The defendant pleaded non-assumpsit, and several special pleas. The first special plea set up as a defense that the suit was not brought within six months, and the action of the court in sustaining a demurrer to that plea is assigned as error.

The declaration sought to avoid the bar of the limitation clause by averments showing a waiver, and it is conceded in the argument that if these averments are sufficient, the special plea amounted only to the general issue, and was unnecessary. Hence, there was no error prejudicial to the defendant in sustaining a demurrer to the plea.

In P. M. & F. Ins. Co. v. Whitehill, 25 Ill. 466, it is said that if an insurance company, "by fraud, or by holding out reasonable hopes of an adjustment, deter a party assured, being under such a condition to sue, from commencing his suit, he honestly confiding in the pretenses and promises of the assurer, the condition would be no bar, but in such case there should be proper averments in the declaration of the facts."

In Andes Ins. Co. v. Fish, 71 Ill. 620, the court adhere to the position that the limitation may be waived by such acts of the insurance company, but say it is not indispensable that the declaration should aver the facts; that the same rule of pleadings should be allowed in respect to this as to other limitations of actions, and that the limitation should, if insisted upon, be set up by plea, when the plaintiff may reply the facts relied upon, as excusing what would otherwise have been *laches* in bringing the suit.

It is, therefore, not necessary for the plaintiff to insert averments in his declaration to avoid the bar, but he may do so if he chooses, and in such case the general issue will put him upon proof of the waiver. The special plea was

wholly unnecessary in this case. All the facts relied upon by the plaintiff in excuse of the delay were necessarily provable in order to make out the case alleged.

We think he clearly proved the waiver as alleged in the second count. All the promises and hopes held out by the company were within the six months and there is no doubt that plaintiff was thereby delayed from suing. It is urged that before the six months expired, he was informed by the president of the company that he could not make anything if he did sue, because the company was insolvent, and that if he had a reasonable time then left within which to sue, he should have done so. In other words, that the waiver may be revoked and the limitation revived. We are inclined to agree with the Circuit Court on this point, and to hold that if there was once a waiver, it could not be recalled or revoked. If any substantial part of the time provided by the limitation is lost by reason of the waiver, the limitation is wholly gone. It can not be revived, nor can the plaintiff be required to sue within any time short of the statutory limitations. It is probably true that the suggestion of insolvency was to prevent the bringing of the suit. From the beginning, the president of the company represented to the plaintiff that the company was not then able to pay, but probably would be after a while, and if plaintiff would wait, he should be paid; and plaintiff, relying on this, did wait until the company became solvent. It is objected that the court of its own motion held a proposition to the effect that the question of limitation was not in issue, there being no plea of the statute of limitation. We suppose the court intended thereby to say that only the question of waiver was involved. Strictly speaking, the question of limitation was involved by the averments of the declaration.

Whatever may have been the view of the court as to this merely technical matter, we are of opinion the merits of the case were with the plaintiff, so clearly that the judgment ought not to be disturbed. Affirmed.