### Metropolitan Accident Association v. Jubal Harrison Clifton.

1. LIMITATIONS—*In Insurance Policies—What is not a Waiver.*— A condition in a policy of insurance providing that no suit for a loss under such policy shall be maintained unless commenced within a certain time may be waived, but mere negotiations for a settlement will not have that effect.

Metropolitan Accident Ass'n v. Clifton.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

A. NEY SESSIONS and JAMES LINGLE, attorneys for appellant.

DODD & PICKRELL, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought on an accident policy to recover the sum specified during the time of disability. A verdict and judgment were obtained, from which this appeal is prosecuted. The only point that we desire to consider is the limitation to suits provided by the by-laws, which is:

"No suit shall be commenced or maintained against this association unless the same shall be commenced within thirty days from and after the date of the refusal of this association to entertain a claim or pay an award. The failure of this association to pay a claim within sixty days from the date of filing with the association of proofs thereof, shall be construed by the member as a refusal on the part of the association to pay said claim, and no suit or proceeding at law shall be brought by said member, his heirs, executors, administrators or assigns, unless the same shall be commenced within thirty days from the expiration of said sixty days hereinbefore mentioned."

The appellant seems to be a mutual accident association, with by-laws which, by the policy, are made a part of the contract. The evidence shows the proof of the claim was made on the 20th day of October, 1893, and the suit was not begun until March 6, 1894. More than ninety days had elapsed after filing the claim before bringing the suit. This is attempted to be excused by the introduction of a letter and telegram from the secretary of the company, written on the 1st and 4th of March, 1894, respectively, which was in substance a request for an interview, without a promise

to recognize the claim. The interview did not take place. There is no evidence of a promise to pay this claim within the ninety days, or of any negotiations looking to its settlement within that time.

These contractual limitations have been sustained in Peoria Marine Ins. Co. v. Whitehall, 25 Ill. 466, and other cases. A request on the part of the company for more time, or the holding out of hopes that the matter will be adjusted, will waive the time limit. The Andes Ins. Co. v. Fish, 71 Ill. 620; Home Ins. Co. v. Myer, 93 Ill. 271. But it has been held that mere negotiations for a settlement will not have that affect. Allemania Ins. Co. v. Little, 20 Ill. App. 431; Phenix Ins. Co. v. Lebcher, 20 Ill. App. 450, citing cases.

The evidence does not show a waiver, and therefore we are constrained to reverse and remand the case.