## Pennsylvania Company, Plaintiff in Error, v. M. Piowaty & Sons, Defendant in Error.

### Gen. No. 22,224.

1. CARRIERS, § 185*—*what does not constitute waiver of provision in bill of lading as to time for filing claim for damages.* The receipt and investigation of a claim for damages by a carrier after the expiration of the four months after delivery limited in the bill of lading for presenting it does not constitute a waiver of the defense afforded by such provision, especially where the claim does not give the date when the shipment was received.

2. CARRIERS—*what evidence required to establish a waiver of time limit for filing claims for damages.* The question of waiver of a provision in a bill of lading limiting the time within which claims for damages may be filed after delivery of the goods must be established by a preponderance of evidence.

3. CARRIERS—*when evidence is insufficient to establish a waiver of time limit for filing claim for damages in bill of lading.* In an action by a carrier to recover a balance of freight charges from the shipper, and set-off by defendant claiming damages for failure of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

carrier to notify consignee of the arrival of the goods at their destination, evidence *held* insufficient to show a waiver by the carrier of the provision in the bill of lading requiring claims for damages to be made within four months after the date of delivery of the goods.

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and judgment here. Opinion filed July 11, 1917. Rehearing denied July 23, 1917.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

SABATH, STAFFORD & SABATH, for defendant in error; CHARLES B. STAFFORD, of counsel.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

In this case, the plaintiff in error seeks to reverse a judgment in favor of the defendant in error for $145.50. The facts in the case are substantially as follows: Plaintiff in error, who will be referred to as the carrier, brought suit against the defendant in error, who will hereafter be referred to as the shipper, for $19.50, for the balance of certain freight charges due on a shipment of onions from Hanna, Indiana, to Montreal, Canada. As there were no scales at Hanna, they were billed at a minimum weight and charges assessed at $72. It subsequently appeared that the proper charge was $91.50, and this suit was brought for the difference.

The regularity of the charges was not denied. No affidavit of merits was filed by the shipper, but it filed a statement of set-off claiming damages on account of the failure of the carrier to notify the consignee upon the arrival of the shipment at Montreal, Canada. It appeared that the shipment arrived there on October 28, 1912, and the shipper filed its claim for damages March 26, 1913. One of the defenses to this

claim, set out in the affidavit of defense, was that by the terms of the contract it was agreed that claims by the shipper for loss, damage or delay must be made in writing within four months after the delivery of the shipment. It is not denied that no claim was filed within that time, but it is insisted that this stipulation in the contract was waived by the carrier. The carrier, however, strenuously insists that it is not legally possible for a carrier to waive such a provision in a bill of lading. We feel, however, it is not necessary to discuss this or any of the points raised by the carrier, except its claim that the record contains no evidence which justified the trial court in finding that such waiver had, in fact, been made. The mere physical act of receiving a claim and investigating it, after the expiration of the four months limited in the bill of lading for presenting it, would not, in itself, constitute a waiver of the defense. If we assume that the carrier has power to waive such a defense, then, of necessity, it may make a thorough investigation of the merits of the claim before it decides whether or not it will interpose the defense of a failure to notify it in apt time. In other words, if we are to assume that the carrier has power to waive the defense, we are obliged to say that the courteous receipt and investigation of a claim will not, in itself, estop it from deciding, after a thorough investigation of the merits of the claim, to avail itself of its legal defense. Moreover, the claim did not give the date when the shipment was received, and consequently did not advise the carrier that it had not been filed in apt time. While the question of waiver, if a defense of this kind can be legally waived, would be a question of fact, it is one which must be established by the claimant by a preponderance of the evidence, and, upon a careful examination of all the evidence in this case, we are compelled to say that such a finding, if supported by any evidence at all, is clearly contrary to the manifest weight of the evidence.

The judgment of the Municipal Court is reversed, and judgment .will be entered here in favor of the plaintiff in error for $19.50.

*Reversed and judgment here.*