## Indian Refining Company, Appellee, v. Andrew Mellon, Agent for United States, Appellant.

1. CARRIERS—*Federal agent not to waive provision of bill of lading limiting time to sue.* The agent for the United States under the Transportation Act of 1920 cannot waive a provision of a bill of lading limiting the time within which suit should be brought for the loss of the contents of a car.

2. CARRIERS—*evidence not showing waiver of provision of bill of lading limiting time to sue.* Correspondence by a railroad definitely denying liability of a claim for loss until after the expiration of the time to sue fixed in the bill of lading, and which correspondence stated nothing tending to mislead the shipper or to cause it to expect any payment of the claim, followed by an offer of settlement by the railroad after the expiration of the time to sue, does not show a waiver of the provision of the bill of lading limiting the time to sue.

Appeal by defendant from the Circuit Court of Lawrence county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the March term, 1927. Reversed. Opinion filed June 14, 1927.

P. J. KOLB, for appellant.

McGAUGHEY, TOHILL & McGAUGHEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment in the circuit court of Lawrence county in favor of the Indian Refining Company, appellee, in the sum of $919.22 against Andrew Mellon, agent for the United States under the Transportation Act of 1920, appellant. The suit was brought for the loss of the contents of a tank car of kerosene delivered on May 15, 1919, to the United States Railroad Administration on the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, then under Federal control, at Lawrenceville, Illinois, to be transported to Huntington, Indiana, and there to be delivered to appellee as consignee. The shipment was totally lost in transit. Upon the trial a jury was waived and it was stipulated that a reasonable time for the transportation and delivery of the car at its destination would have elapsed on May 30, 1919. The bill of lading which was made a part of the stipulation provided that suits for loss, damage or delay in case of failure to make delivery should be instituted only within two years and one day after a reasonable time for delivery had elapsed. This suit was instituted on September 20, 1921, against James C. Davis, director general of railroads, and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, but was dismissed on October 5, 1923, as to the railway company. On January 3, 1924, an *alias* summons was issued against James C. Davis, agent of the President of the United States of America, which was served upon the railway agent at Lawrenceville, an amended declaration was filed February 28, 1924, naming James C. Davis agent for the President of the

United States as party. It was stipulated that James C. Davis was agent of the President of the United States under the Federal Transportation Act of 1920. That act provided that any suits based on causes of action arising out of the possession, use or operation by the President of any railroad under the provisions of the Federal Control Act should be brought not later than two years from the date of the passage of the Transportation Act of 1920. Upon being made party defendant, James C. Davis, agent for the President, moved to dismiss the cause on the ground that suit was not brought against him as such agent within the period of limitations prescribed by this act. The motion was denied and the same question was raised by a demurrer which was overruled. The question was again presented by a plea in bar but before this plea was decided Andrew Mellon was named by the President as agent for the United States under the Transportation Act of 1920. On motion of appellee made on October 4, 1926, Mellon as such agent was substituted as defendant and an amended declaration filed against him. He then moved to strike the amended declaration from the files and to dismiss the suit on the ground that the cause of action arose out of the possession, use and operation by the President of the railroad mentioned in the declaration under the Federal Control Act, and was of such a character as prior to that act the suit could have been brought against the railway company, and after the termination of the Federal Control Act could have been brought against the agent designated by the President for that purpose, but that it was not brought against such agent or any of his predecessors within two years from the passage of the Transportation Act of 1920 as required by the provisions of that act. This motion was overruled as well as the demurrer filed by appellant, and upon trial judgment was entered for appellee for the full amount claimed.

Appellant relies upon the defenses: (1) that this suit was brought against James C. Davis, director general of railroads, and was not brought against the agent for the United States under the Transportation Act of 1920 within two years from the passage of that act as is required by subdivision A of section 206 and that appellant as such agent was improperly substituted as defendant; (2) that this suit was not brought within two years and one day after a reasonable time for the delivery of the shipment in question had elapsed as required by the provisions of the bill of lading.

In the view we have taken of this case it is not necessary to consider the first defense relied upon by appellant, as in our opinion the disposition of the second ground of defense disposes of the entire case.

It is not denied that the provision of the bill of lading herein involved is a valid one. Appellee, however, contends that this provision of the bill of lading was waived by appellant. On the other hand appellant claims not only that such provision was not waived but that appellant had no authority to waive the same. It was stipulated as above stated that a reasonable time for the transportation and the delivery of the shipment at its destination would have elapsed on May 30, 1919. This suit was instituted September 20, 1921, more than two years and one day after the shipment should have been delivered.

In our opinion the provision limiting the time within which this suit should have been brought as fixed by the bill of lading could not be waived by appellant. This is in accord with the holding of the United States Supreme Court in *Georgia F. & A. Ry. Co. v. Bliss Milling Co.*, 241 U. S. 190, and *Phillips Co. v. Grand Trunk Western R. Co.*, 236 U. S. 662. However, even though appellant could have legally waived this provision it is our opinion that in no event do the facts relied upon by appellee constitute such a waiver.

It appears that the claim for this loss was filed July 1, 1919. In reply to that claim J. K. Vance, freight claim agent of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, advised appellee that investigation disclosed the carrier was not liable for the claim and that the claim could not be given further consideration. September 17, 1919, appellee's traffic manager asked that the matter be given further consideration. On September 30, Vance again replied that the loss was not due to the negligence of the carrier and asked cancellation of the claim. On October 4, appellee's traffic manager asked that all papers which had been forwarded in support of the claim be returned which was done October 9, 1919. It appears that afterwards, in reply to a letter from appellee's traffic manager, Vance again advised that further investigation failed to show any liability on the part of the carriers. On July 16, 1920, Gordon, Weed and Young, attorneys for appellee, wrote Vance that the claim had been referred to them with authority to start action at once; that while the files showed the claim had already been rejected, yet before commencing suit they wished to give him an opportunity to reconsider his disposition of the claim, with the view of making an adjustment without litigation. On July 29, Vance in reply to this letter, stated that the matter was being taken up with the legal department and he presumed they would in turn take it up with the United States Railroad Administration to see if it was desired to defend the suit and he would advise later. On September 24, 1920, Vance advised these attorneys that the matter had again been placed before the legal department and from the evidence in their possession they could not admit any liability for the loss and calling attention to the fact that all papers in the matter had been returned to appellee October 9, 1919. It further appears that under date of March 7, 1921, one C. A. Porter, in behalf of appellee, wrote to

E. V. Zehring, general agent of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, following a conversation between these gentlemen, concerning the contemplated suit, giving certain claimed facts concerning the shipment, and expressing regret that the action of Mr. Vance made the bringing of suit necessary, and further saying: "In view, however, of your intimating the desirability of having Mr. Townsend review this case, we have asked our attorneys to hold the matter in abeyance, and will therefore appreciate you advising us as promptly as possible what action is contemplated." Some further correspondence passed between those two parties, concerning appellee's claim between the date of this first letter and July 25, 1921. Under date of August 5, 1921, an offer to settle for 50% of the claim was made by J. K. Vance, the freight claim agent, and on August 9, appellee's attorney replied that this offer could not be accepted and that unless payment in full was made on or before September 1, 1921, suit would be brought. On August 9, 1921, attorneys for appellee wrote to Evan Shelby, regional counsel for the United States Railway Administration, giving a rather detailed statement of what had taken place in the way of negotiations for the settlement of this claim. They insisted in their letter appellee was entitled to the full amount of its claim for loss and asked that the decision to reject the claim be reconsidered. In reply to this letter the regional counsel wrote he had reached the conclusion that there was no liability on the claim and that 50% settlement had only been suggested on the theory that a small amount might properly be paid rather than assume the risk and expenses of litigation and stating that since the proposition had not been accepted, it was withdrawn and the claim declined and stating that in case of suit the administration would expect the carrier to use all defenses available. This suit then resulted. It would seem from this cor-

respondence that the railroad administration had definitely and persistently denied all liability for the claim up to and until after June 1, 1921, which would be more than two years and one day after the time the delivery could reasonably have been made, and there was nothing said in the correspondence on the part of the railroad administration prior to that time tending to mislead appellee or to cause it to expect any payment of the claim. The proposition for a settlement was made after the period of two years and one day had elapsed.

Therefore, even if we assume that appellant had the power to waive this defense, in our opinion appellee was not led to believe by the United States Railroad Administration that the benefit of this provision of the bill of lading was not being relied upon or that any settlement of the claim would be made within the time limited for the suit to be brought. After that time had elapsed any attempted negotiations could no longer furnish an excuse for not bringing suit. This has been the holding of the Appellate Courts of this State in similar cases. (*Metropolitan Accident Ass'n v. Clifton,* 63 Ill. App. 152; *Phoenix Ins. Co. of Brooklyn v. Lebcher,* 20 Ill. App. 450; and *Pennsylvania Co. v. Piowaty,* 207 Ill. App. 176.) In our opinion therefore the matters relied upon by appellee for a waiver of this provision of the bill of lading were not sufficient to accomplish that end and as the suit was not brought within the time limited thereby, appellee has lost its right of action and the claim itself is barred. Under these circumstances, it would be useless to remand the cause for another trial and the judgment is therefore reversed.

*Reversed.*